1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  MONICA E. TAIT
   Assistant United States Attorney
6  California Bar Number 157311
   Asset Forfeiture Section
7      1400 United States Courthouse
       312 North Spring Street
8      Los Angeles, California 90012
       Telephone: (213) 894-2931
9      Facsimile: (213) 894-7177
       Email:    Monica.Tait@usdoj.gov
10
   Attorneys for Plaintiff
11 United States of America

12
                     UNITED STATES DISTRICT COURT
13
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
14

15
   UNITED STATES OF AMERICA,      )   No. CV 06-00383 SGL (JWJx)
16                                 )
          Plaintiff,               )   ORDER STAYING EXECUTION OF
17                                 )   JUDGMENT, WITH CONDITIONS TO
          v.                       )   PROTECT DEFENDANT PROPERTY PENDING
18                                 )   APPEAL OF JUDGMENT; APPENDIX A
   REAL PROPERTY LOCATED IN GARDEN)
19 GROVE, CALIFORNIA (RYAN),       )
                                   )
20        Defendant.               )
   _____)
21 GEORGE DAVID RYAN,              )
                                   )
22        Claimant.                )
   _____)
23

24      The Court, having reviewed the submissions of Claimant George

25 David Ryan and plaintiff United States of America concerning the

26 requested stay of execution of the judgment in this action, hereby

27

28

1  ORDERS as follows:

2      The Court finds that claimant has failed to support his

3  entitlement to a discretionary unsecured stay of execution of the

4  judgment.  However, based on the government's agreement to stay the

5  execution so long as the defendant property is adequately protected

6  during the appellate process, the court orders that, upon the

7  fulfillment of the following conditions, the judgment entered

8  September 22, 2008 in this matter shall be stayed until 30 days

9  after the issuance of a mandate by the Ninth Circuit in the appeal

10 of this action by George David Ryan:

11      (1)  Claimant must file a notice of appeal within 5 business

12           days of entry of this order;

13      (2)  Within 5 business days of the entry of this order, the

14           claimant and the occupants of the defendant property must

15           execute an occupancy agreement to protect the property

16           pending the appeal, in a form satisfactory to the

17           government substantially identical to that attached

18           hereto as Appendix A.

19 If the above conditions are not met, or if the occupancy agreement

20 is terminated according to its terms, the execution of the judgment

21 shall not be stayed.

22      IT IS FURTHER ORDERED that, during any period in which the

23 judgment is stayed, claimant George David Ryan shall not sell,

24 lease, transfer, or encumber the defendant property pending

25 resolution of the appeal; shall timely pay all property taxes

26 assessed against the property on or after September 22, 2008; and

27 shall insure the property for full replacement cost, and list the

28

1 | government as a loss payee/additional insured on the policy, as

2 | provided in paragraph 2 of Appendix A.  The court retains

3 | jurisdiction to enforce the terms of this order.

4 |        SO ORDERED this 1st day of October, 2008.

5 |

6 | _____
  | The Honorable Stephen G. Larson

7 | UNITED STATES DISTRICT JUDGE

8 |

9 |

10 | Presented by:

11 | THOMAS P. O'BRIEN
   | United States Attorney

12 |
   | by:   /s/                   .
13 |       MONICA E. TAIT
   |       Assistant United States Attorney

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX A**

**OCCUPANCY AND INDEMNITY AGREEMENT**

**UNITED STATES DEPARTMENT OF JUSTICE**
**UNITED STATES MARSHALS SERVICE**

**DISTRICT OF JUDICIAL DISTRICT**

**OCCUPANCY AND INDEMNITY AGREEMENT**
Asset Identification: 06-ATF-000088

The following is an agreement ("Agreement") between the United States of America, United States Marshals Service, Claimant George David Ryan ("Claimant"), and ***ADULT OCCUPANT NAME*** ("TENANT"), to allow the TENANT to continue residing on the property located at ***ADDRESS***, ("Property"), during the pendency of the appeal by claimant George David Ryan to the Ninth Circuit Court of Appeals of a judgment forfeiting the Property to the United States in the matter UNITED STATES v. REAL PROPERTY LOCATED IN GARDEN GROVE, CALIFORNIA (RYAN), CV 06-383 SGL (JWJx), United States District Court for the Central District of California (the "forfeiture action").

TENANT may continue residing on the Property under the following conditions:

1.      Claimant and TENANT agree to maintain the Property at Claimant's expense in the same, or better, condition as it existed on September 22, 2008.  The word "maintain," includes, but is not limited to: Keeping the property free of hazards and/or structural defects, keeping all heating, air conditioning, plumbing, electrical, gas, oil, and other power facilities in good working condition; keeping the Property clean and providing all necessary facilities for proper sanitation and waste removal; keeping the Property in conformity with reasonable needs for snow removal, lawn care, and providing any other ordinary and necessary items of routine maintenance.

2.      TENANT agrees to timely pay rent in the amount of $200.00 per month, due on the first day of the month beginning October 1, 2008, to "United States Marshals Service."  TENANT's rent check shall be mailed (in time to be received by the addressee the 1st day of each month) to United States Marshals Service, Attn: Anthony Moseley, 255 E. Temple Street, Suite 4128, Los Angeles CA 90012.

        The Claimant and TENANT shall timely pay all taxes assessed against Property on or after September 22, 2008 by the taxing authority of Orange County, California, all dues, association fees, utility, sewer, trash, and any other expenditures otherwise necessary with respect to the Property, during the life of this Agreement.  Claimant and TENANT agree to abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements, and/or conditions pertaining to the care, maintenance, control, and use of the Property.

3.      Claimant agrees to acquire and maintain valid casualty and fire insurance equal to the full replacement cost of the Property and all improvements thereon, including policies covering liability to persons injured on the Property.  Claimant agrees to maintain liability insurance for the injuries occurring on or resulting from use of the Property, or activities or condition thereon, in the minimum amount of $550,000.  Additionally, Claimant shall arrange for a rider to all the above mentioned policies naming the United States of America as a loss payee and additional insured for the life of the Agreement.

4

Copies of the insurance policies will be delivered to the U.S. Marshals Service no later than the tenth calendar day following the execution of this Agreement.  Claimant agrees to hold the United States of America harmless for any and all claims against it during the life of this Agreement, arising out of the injury to persons except as directly caused by an agent of the United States of America.

Claimant's failure to maintain insurance as required herein is cause for the eviction of TENANT from the property.

4.   Claimant and TENANT agree to allow the United States Marshal or authorized representative the right to enter, inspect, and/or appraise the Property including all buildings during the life of the Agreement.  All inspections will be conducted during daylight hours and after a telephone call to TENANT announcing such inspection.  This announcement will be made at a reasonable time prior to inspection, typically on 5 calendar days notice to TENANT.  Provided, the Claimant and TENANT also agree to allow such right of entry without notice on an emergency basis.  An emergency is anything that would lead to imminent damage or destruction of/or to the Property.

5.   Claimant and TENANT agree not to convey, sell, lease, encumber, or attempt to transfer title to the Property during the life of the Agreement.

6.   Claimant and TENANT agree not to sublet the Property.

7.   Claimant and TENANT agree not to violate any federal, state, or local law/ordinance, and not to allow any other TENANT to violate any federal, state, or local law/ordinance on the Property during the life of this Agreement.  Claimant and TENANT agree not to use the Property so that is poses a danger to the health or safety of the public, or a danger to law enforcement, or use the Property so that it adversely affect the liability of the U.S. Marshal or authorized designee to manage the Property.

8.   Claimant and TENANT agree not to remove, destroy, alienate, transfer, detract from, remodel or alter in any way, the Property or any fixture, ordinary wear excepted, without express written consent of the U.S. Marshal.

9.   Claimant and TENANT acknowledge that the removal or destruction of property under the care, custody, or control of the U.S. Marshals Service constitutes a violation of federal criminal law, specifically, 18 U.S.C., Section 2233.  That section provides for a fine not to exceed $2,000, or imprisonment not to exceed two (2) years, or both.

10   Claimant and TENANT, on or before the expiration of this Agreement, shall remove any and all personal belongings from the Property.  If Claimant fails to remove personal belongings from the Property, these items will be removed by the U.S. Marshals Service at the expense of the Claimant and/or TENANT.

11.   Claimant and TENANT acknowledge that the following persons, and no other persons, are authorized to reside at the Property:

[**AUTHORIZED RESIDENT LIST**]

12.   Amendments to this Agreement shall be made in writing and will be signed by all parties.

13.   TENANT agrees to give thirty (30) days written notice prior to moving out of the property and will be responsible for paying all fees as outlines in paragraph #2 through the end of this notice period.

5

1    14.    Claimant and TENANT understand and agree that any violation of this Occupancy
            Agreement may be the cause of eviction from the Property.  Unless previously terminated
2           by eviction or by the departure of the TENANT from the Property, this Agreement remains
            in effect until 30 days after the issuance of a mandate by the Ninth Circuit in the appeal of
3           the forfeiture action.

4
     This Agreement is dated _____.
5

6    _____
     **Claimant George David Ryan**
7

8    _____
     *TENANT NAME*
9

10   _____          _____
     Home Number                 Work Number
11

12

13   ADAM N. TORRES
     United States Marshal
14

     _____
15   By: Deputy U.S. Marshal

16

17

18

19

20

21

22

23

24

25

26

27

28

6