THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MONICA E. TAIT
Assistant United States Attorney
California Bar Number 157311
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2931
    Facsimile: (213) 894-7177
    Email:    Monica.Tait@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CV 06-00383 SGL (JWJx) |
| | ) | |
| Plaintiff, | ) | CONSENT JUDGMENT |
| | ) | |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED IN GARDEN | ) | |
| GROVE, CALIFORNIA (RYAN), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| GEORGE DAVID RYAN, | ) | |
| | ) | |
| Claimant. | ) | |
| _____ | ) | |

     The court having received the stipulation of plaintiff United
States of America and claimant George David Ryan ("Ryan") for the
entry of this Consent Judgment, IT IS HEREBY ORDERED AS FOLLOWS:
     1.   Ryan is the sole claimant to the defendant Real Property
Located in Garden Grove, California (hereafter, "defendant

property"). The defendant property corresponds to Assessor's Parcel No. 099-362-31, and is more particularly described as follows:

> LOT 69 IN TRACT 2433, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAPS RECORDED IN BOOK 72, PAGES 1 AND 2 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

2.    On September 22, 2008, this court entered judgment ("the Judgment") in favor of the United States against (1) claimant George David Ryan ("Ryan"), and (2) George W. Ryan, Marlene Ryan and all other potential claimants (against whom the clerk entered default in this action on July 11, 2006). George Ryan filed a notice of appeal to the Ninth Circuit (C.A. 08-56649, "the Appeal").

3.    It is the intention of plaintiff United States of America and Ryan to resolve all of their competing claims to the defendant property, and the Appeal, by their Stipulation and this Consent Judgment.

4.    The defendant property shall be sold at the highest reasonably available price and the proceeds from that sale distributed in accordance with this Consent Judgment. Ryan shall serve a copy of the parties' stipulation and the Consent Judgment upon all adult occupants of the defendant property.

5.    The sale of the defendant property shall be accomplished as follows:

a.    <u>Sale Efforts by Ryan</u>:

i.    Ryan shall propose a licensed real estate agent to list the property for sale and a licensed escrow

2

agency through which its sale can be conducted.
Ryan's proposed choice of real estate agent, the
agent's real estate commission and fees, and the
escrow agency and escrow fee shall be subject to
the written approval of government counsel, which
approval shall not be unreasonably withheld.  Ryan
shall serve each proposed real estate agent and
escrow agency with a copy of this Consent Judgment
so that the real estate professionals understand
the restrictions on their participation imposed by
this Consent Judgment.   If Ryan fails to obtain
the written approval of government counsel of his
proposed real estate agent and escrow agency within
45 days of the date of entry of this Consent
Judgment, paragraph 5(b) of this Consent Judgment
shall apply;

ii.  After the real estate agent and escrow agency are
determined, Ryan shall propose a listing price for
the sale of the defendant property, which shall be
subject to the written approval of government
counsel, which approval will not unreasonably be
withheld.

iii. In the event Ryan locates a proposed buyer for the
defendant property, all terms of the proposed sale
and escrow, including without limitation the sale
price, shall be subject to the written approval of
government counsel.  Ryan is not authorized to
accept any offer for the sale of the defendant

3

property without obtaining such approval in
advance.  The USMS's appraised value for the
defendant property has already been communicated to
counsel for Ryan.  Ryan agrees that the sales price
shall not be less than 85% of the USMS' appraised
value.

iv.   In the event an escrow is opened with an approved
buyer, which escrow period shall be no less than 60
days unless modified in writing by the parties, all
escrow instructions and all proposed changes
thereto shall be subject to the written approval of
government counsel.  The terms of this Consent
Judgment shall be part of the escrow instructions.
There shall be no payments to anyone from the sale
of the property outside of escrow.  All exchanges
of funds in connection with the sale of the
property shall be stated on the Final Settlement
Statement.

v.    The proceeds of any approved sale shall be
distributed through escrow as follows:

(A)   First, payment of all outstanding real
property taxes to the Orange County Tax
Collector to the date of the Judgment;

(B)   Second, payment to lienholders, if any,
whose liens pre-date the government's *lis
pendens* recorded against the defendant
property;

(C)   Third, payment of all costs of escrow and

4

1            sale as approved in writing by counsel
2            for the government, including the real
3            estate sales commission and applicable
4            fees triggered by the sale of the
5            defendant property;
6        (D)  Fourth, to the extent funds remain, said
7            funds (the "Net Proceeds") shall be
8            distributed as follows:  75% of the Net
9            Proceeds to the United States by check
10           payable to "United States Marshals
11           Service," and 25% of the Net Proceeds to
12           Ryan by check payable to "Shawn Perez
13           Client Trust Account."
14    vi.  Upon payment of the portion of the Net Proceeds to
15         the USMS pursuant to paragraph 5(a)(v)(D), all
16         right, title, and interest of Ryan and all other
17         potential claimants in such portion is hereby
18         condemned and forfeited to the United States
19         without further order of this Court, and the United
20         States shall have judgment as to the interests of
21         Ryan, and all other potential claimants, in such
22         portion.  The USMS shall dispose of the
23         government's portion of the Net Proceeds in
24         accordance with law;
25  b.    Forfeiture of Defendant Property by United States:  If,
26        within 150 days of the entry of this Consent Judgment
27        Ryan shall have failed to (1) procure a final, fully
28        executed, and legally binding agreement for the sale of

5

the defendant property that is approved in writing by
the United States and in accordance with this Consent
Judgment, and (2) cause an escrow to be opened that is
capable of promptly finalizing the transfer of title to
the defendant property, this paragraph 5(b) shall apply:

    i.    The United States shall proceed promptly to
         sell the defendant property.

    ii.    The proceeds of any sale by the United States
         shall be distributed as follows:

        (a)  First, payment of all outstanding real
            property taxes to the Orange County Tax
            Collector to the date of the Judgment;

        (b)  Second, payment to lienholders, if any,
            whose liens pre-date the government's *lis*
            *pendens* recorded against the defendant
            property;

        (c)  Third, payment of all costs of escrow and
            sale, including the real estate sales
            commission and applicable fees triggered
            by the sale of the defendant property;

        (d)  Fourth, to the extent funds remain, said
            funds (the "Net Proceeds") shall be
            distributed as follows:  75% of the Net
            Proceeds to the United States by check
            payable to "United States Marshals
            Service," and 25% of the Net Proceeds to
            Ryan by check payable to "Shawn Perez
            Client Trust Account."

6.   All occupants of the defendant property shall vacate the defendant property pursuant to the following schedule:

    a.   <u>In the case of a sale pursuant to paragraph 5(a)</u>: by no later than 5:00 p.m. on the 10th calendar day prior to the close of escrow specified in the escrow instructions approved by counsel for the government.

    b.   <u>In the case of a sale pursuant to paragraph 5(b)</u>: by no later than 5:00 p.m. on the 10th calendar day after the United States sends written notification to Ryan's counsel of the fact that paragraph 5(b) of this Consent Judgment has been triggered.

If the occupants fail to vacate the defendant property, regardless of any state law provisions, the USMS shall enter and take possession of the defendant property by whatever reasonable means are necessary, to evict all occupants and remove their personal property, without further notice or court order.  Except as otherwise specifically altered by this paragraph, the terms of the Occupancy and Indemnity Agreement between the government, Ryan, and occupant Edith Mendoza remain in effect until the date of sale of the defendant property.

7.   Except as to such rights and obligations created by this Consent Judgment, Ryan has released and holds harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from all claims, actions or proceedings which arise out of this action, including, but not limited to, any claim for attorney's fees, costs, and/or interest, that may hereafter be asserted or brought by him or on his behalf.

8.   The parties shall execute all documentation necessary to carry out the disposition of the defendant property in accordance with this Consent Judgment.   Each party shall bear its own costs of litigation and attorney's fees.   Each party has waived its right to appeal.   Entry of the Consent Judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2).

9.   The district court retains jurisdiction over this case and the parties hereto to effectuate the terms of their agreement and the Consent Judgment.

**IT IS SO ORDERED.**

DATED:  April 6, 2009

The Honorable Stephen G. Larson
UNITED STATES DISTRICT JUDGE

Presented by:
THOMAS P. O'BRIEN
United States Attorney

_____
MONICA E. TAIT, AUSA
Attorneys for Plaintiff
UNITED STATES OF AMERICA